# EXHIBIT A



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

MONICA HEALY
_____
Plaintiff

vs.

Case Number  **2016 CA 004993 B**

WHOLE FOODS MARKET GROUP, INC.
_____
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

CURTIS D. CARSON
Name of Plaintiff's Attorney

8401 COLESVILLE ROAD # 630
Address

SILVER SPRING, MD 20910

301 589-2999
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  **07/11/2016**

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오.    የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MONICA HEALY
Vs.                                                    C.A. No.      2016 CA 004993 B
WHOLE FOODS MARKET GROUP, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MARISA J DEMEO
Date:  July 11, 2016
Initial Conference: 9:30 am, Friday, October 14, 2016
Location:  Courtroom A-50
           515 5th Street N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Monica Healy                                          :
4627 Alton Place, NW
Washington, D.C. 20016                                :

          Plaintiff,                 :

v.                                      Case No.:  **2016 CA 004993 B**
                            :

Whole Foods Market Group, Inc.                        :
550 Bowie Street
Austin, TX 78703                                      :
SERVE:
CT Corp. System, resident agent                       :
1015 15th Street, NW
Washington, DC 2005                                   :
            Defendant.                 :

## COMPLAINT

    COMES NOW the Plaintiff, Monica Healy, by and through his attorneys Curtis Daniel

Cannon, Esq., and Kevin J. Finnegan, Esq. of Goldberg, Finnegan and Mester, LLC and sues

Defendant, Whole Foods Market Group, Inc., and in support hereof states the following:

1.  This Court has jurisdiction pursuant to D.C. Code Annotated, 1973 Edition, as amended, Sec.
    11-921.

2.  Plaintiff Monica Healy (hereinafter "Healy") is an adult individual who resides in
    Washington, D.C.

3.  Defendant Whole Foods Market Group, Inc. (hereinafter "Whole Foods") is a corporation
    with its principal office in Austin, TX which regularly conducts business in Washington,
    D.C. and at all times relevant hereto owned, operated, maintained, managed, rented, leased,
    serviced and/or otherwise controlled the Whole Foods Market located on Wisconsin Avenue,
    Tenleytown, NW, Washington, D.C.

4.  This Court has jurisdiction because the subject incident occurred in the District of Columbia.

5. On or about March 8, 2015, Plaintiff Healy was an invitee at the Whole Foods premises located on Wisconsin Avenue, Tenleytown, NW, Washington, D.C.

6. At the same time and place, Defendant Whole Foods, through its agents, servants, and/or employees negligently created and/or allowed to remain a dangerous condition on the premises consisting of water and/or flower petals making the floor slippery and unreasonably dangerous and causing the Plaintiff to slip and fall suffering serious and permanent bodily injuries.

## COUNT I: NEGLIGENCE

7. Paragraphs 1-6 are hereby incorporated by reference and re-alleged as if fully re-stated herein.

8. At all times, Defendant Whole Foods had a duty to the Plaintiff to keep the Premises in a reasonably safe condition free of defects and dangerous conditions of which they knew or should have known to exist and/or to warn the Plaintiff of said defects and/or dangerous conditions.

9. Notwithstanding this duty, and in breach thereof, Defendant Whole Foods, through its agents, employees, and/or servants, negligently: failed to keep the Premises free of water that leaked from the nearby flower display, failed to keep the Premises free of flower petals falling from the nearby flower display, created a dangerous condition by spilling water on the floor near the flower display, created a dangerous condition by causing flower petals to fall on the floor near the flower display, failed to remedy the dangerous conditions described herein and/or warning the Plaintiff of the dangerous and defective conditions while they knew or should have known such conditions to exist based on prior incidents, prior complaints, a reasonable inspection, or other reasonable care.

10. Defendant Whole Foods failed to exercise reasonable care under the circumstances and caused the Plaintiff to slip and fall on their Premises.

11. As a direct and proximate result of the Defendant's negligence, Plaintiff Healy sustained permanent and severe bodily injuries, economic losses, and non-economic losses recoverable at law.

12. Plaintiff Healy sustained and will continue into the future to sustain pain and suffering, lost wages, and medical expenses.

13. Any and all conditions precedent have been satisfied prior to filing this suit.

WHEREFORE, Plaintiff Healy demands judgment in the amount of Seven Hundred Thousand ($700,000.00) Dollars against Defendant Whole Foods Market Group, Inc., plus costs, and interest.

Respectfully Submitted,

Curtis Daniel Cannon, Esq. #490182
Kevin J. Finnegan, Esq. #459693
GOLDBERG & FINNEGAN, LLC
8401 Colesville Road, #630
Silver Spring, MD 20910
301-589-2999
301-589-2644
ccannon@goldbergfinnegan.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised herein.

Curtis Daniel Cannon
Kevin J. Finnegan

Filed
D.C. Superior Court
07/11/2016 16:18PM
Clerk of the Court

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Monica Healy

**Case Number:** 2016 CA 004993 B

vs

**Date:** 7/6/2016

Whole Foods Market Group, Inc.

| | |
|---|---|
| **Name:** (please print)  Curtis D. Cannon | **Relationship to Lawsuit**  ☑ Attorney for Plaintiff |
| **Firm Name:**  Goldberg & Finnegan, LLC | ☐ Self (Pro Se)  Other: _____ |
| **Telephone No.:**  (301) 589-2999    **Six digit Unified Bar No.:**  490182 | |

**TYPE OF CASE:** ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury
**Demand:** $ 700,000.00    Other: _____

**PENDING CASE(S) RELATED TO THE ACTION BEING FILED**

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**

**COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (including wrongful death)
☐ 16 Negligence-(Not Automobile, Not Malpractice)

☑ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

## INFORMATION SHEET, Continued

| C. OTHERS | | |
|---|---|---|
| ☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☒ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent<br>☐ 08 Quiet Title<br>☐ 09 Special Writ/Warrants DC Code § 11-941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☒ 12 Enforce Mechanics Lien<br>☒ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (D.C. Code § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation Over $25,000<br>☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)<br>☐ 26 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| II.<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as Judgment [D.C. Code § 2-1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code § 42-3301, et seq.) | ☐ 21 Petition for Subpoena [Rule 28-1(b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1) (Perpetuate Testimony) |

Attorney's Signature

7/6/2016

Date

CV-496(May)03

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|  |  |
|---|---|
| **MONICA HEALY,** | |
| Plaintiff, | |
| v. | Case No. 2016-CA-004993 B |
| **WHOLE FOODS MARKET GROUP, INC.,** | |
| Defendant. | |

## DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S ANSWER AND
## AFFIRMATIVE DEFENSES

COMES NOW Defendant Whole Foods Market Group, Inc., (hereinafter "Whole Foods"), by and through its attorneys, Justin M. Cuniff, Christy A. Fisher, and Bonner, Kiernan, Trebach & Crociata, LLP, and files its Answer and Affirmative Defenses (hereinafter "Answer") in response to Plaintiff's Complaint as follows:

1.     Paragraph One contains a jurisdictional statement for which no answer is required.  If an answer is deemed required, Whole Foods denies the same and demands strict proof thereof.

2.     Whole Foods does not have sufficient information to admit or deny the allegations in Paragraph Two and therefore denies the same and demands strict proof thereof.

3.     Whole Foods admits that it is a corporation with its principal office in Austin, Texas. Whole Foods also admits that it regularly conducts business in Washington, D.C. including a store at 4530 40th Street, N.W., Tenley Circle.

4.     Paragraph Four contains a jurisdictional statement for which no answer is required.  If an answer is deemed required, Whole Foods denies the same and demands strict proof thereof.

5.     Whole Foods does not have sufficient information to admit or deny the allegations in Paragraph Five and therefore denies the same and demands strict proof thereof.

6.     Whole Foods denies the allegations in Paragraph Six and demands strict proof thereof.

7.     Whole Foods incorporates by reference the answers contained in Paragraphs One through Six of this Answer as if fully set forth herein.

8.     Paragraph Eight contains a legal conclusion for which no answer is required.  To the extent an answer is deemed required, Whole Foods denies the same and demands strict proof thereof.

9.     Whole Foods denies the allegations in Paragraph Nine and demands strict proof thereof.

10.     Whole Foods denies the allegations in Paragraph Ten and demands strict proof thereof.

11.     Whole Foods denies the allegations in Paragraph Eleven and demands strict proof thereof.

12.     Whole Foods denies the allegations in Paragraph Twelve and demands strict proof thereof.

13.     Whole Foods denies the allegations in Paragraph Thirteen and demands strict proof thereof.

14.     Whole Foods denies any allegations not expressly admitted herein.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Contributory Negligence)

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the sole and/or contributory negligence of Plaintiff.

### THIRD DEFENSE
### (Assumption of the Risk)

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the knowing assumption of the risk of Plaintiff.

### FOURTH DEFENSE
### (Intervening Causation)

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own acts and conduct that intervened between Defendant's acts and conduct and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff.

### FIFTH DEFENSE
### (Intervening Act by Third Parties)

Plaintiff's alleged damages were directly and proximately caused by the acts of omission and/or commission on the part of third parties, which intervened between the acts and conduct of Defendant and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff from Defendant.

## SIXTH DEFENSE
### (Intervening Act by Unidentified Third Parties)

Plaintiff's damages, if any, were caused by intervening and/or superseding acts of omission and/or commission on the part of unknown and/or unnamed third persons or entities over whom Defendant exercised no authority, dominion or control.

## SEVENTH DEFENSE
### (Causation)

Plaintiff's alleged damages are not causally related to the events alleged in the Complaint.

## EIGHTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to take due and appropriate care in the mitigation of her alleged damages and recovery, therefore, is barred in whole or in part.

## NINTH DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff has failed to join all necessary parties.

## TENTH DEFENSE
### (Duty of Care)

Plaintiff's claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to the Plaintiff.

## ELEVENTH DEFENSE
### (Denial of Allegations)

Defendant generally denies the allegations set forth in the Complaint.

## TWELFTH DEFENSE
### (Reservation of Affirmative Defenses)

Defendant states that it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Whole Foods Market Group, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint and award to it any further relief that the Court deems appropriate.

Respectfully submitted,

_____/s/  Justin M. Cuniff, Esq._____
Justin M. Cuniff (No.499196)
Christy A. Fisher (No. 976328)
BONNER, KIERNAN, TREBACH & CROCIATA, LLP
One Park Place, Suite 425
Annapolis, Maryland 21401-3539
Telephone:  (443) 263-2800
Facsimile:  (443) 263-2935
jcuniff@bonnerkiernan.com
cfisher@bonnerkiernan.com

*Counsel for Defendant*

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**MONICA HEALY,**

                                   Plaintiff,

v.                                                          Case No. 2016-CA-004993 B

**WHOLE FOODS MARKET GROUP, INC.,**

                                   Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2016, a copy of the foregoing Answer and Affirmative Defenses, which was electronically filed in this case on August 18, 2016, was mailed via first-class mail, postage prepaid, to:

> Curtis Daniel Cannon, Esq. #490182
> Kevin J. Finnegan, Esq. #459693
> Goldberg& Finnegan, LLC
> 8401 Colesville Road, #630
> Silver Spring, MD 20910
> ccannon@goldbergfinnegan.com
>
> *Counsel for Plaintiff*

                              */s/  Justin M. Cuniff, Esq.*
                              Justin M. Cuniff (No.499196)

# EXHIBIT B

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|  |  |
|---|---|
| **MONICA HEALY,** | |
| Plaintiff, | |
| v. | Case No. 2016-CA-004993 B |
| **WHOLE FOODS MARKET GROUP, INC.,** | |
| Defendant. | |

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   Clerk of Court
      Superior Court for the District of Columbia, Civil Division

PLEASE TAKE NOTICE that Defendant Whole Foods Market Group, Inc., has this date

removed the above-captioned action from the Superior Court for the District of Columbia, Civil

Division, in which it was originally filed, to the United States Court for the District of Columbia.

Attached hereto, and made a part hereof, is a copy of the Notice of Removal (without

exhibits) which has been filed in the United States District Court for the District of Columbia.

Respectfully submitted,

_/s/  Justin M. Cuniff, Esq._
Justin M. Cuniff (Bar No. 499196)
Christy A. Fisher (Bar No. 976328)
BONNER, KIERNAN, TREBACH & CROCIATA,
One Park Place, Suite 425
Annapolis, Maryland 21401-3539
Telephone:  (443) 263-2800
Facsimile:  (443) 263-2935
jcuniff@bonnerkiernan.com
cfisher@bonnerkiernan.com

_Counsel for Defendant_

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|  |  |
|---|---|
| **MONICA HEALY,** | |
| Plaintiff, | |
| v. | Case No. 2016-CA-004993 B |
| **WHOLE FOODS MARKET GROUP, INC.,** | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of August, 2016, a copy of the foregoing Notice of Filing of Notice of Removal, which was electronically filed in this case on August 18, 2016, was mailed via first-class mail, postage prepaid, to:

Curtis Daniel Cannon, Esq. #490182
Kevin J. Finnegan, Esq. #459693
Goldberg& Finnegan, LLC
8401 Colesville Road, #630
Silver Spring, MD 20910
ccannon@goldbergfinnegan.com

*Counsel for Plaintiff*

_/s/  Justin M. Cuniff, Esq._
Justin M. Cuniff (No.499196)